THE HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| MICHELLE BEARDSHEAR,<br><br>    Plaintiff,<br><br>    v.<br><br>SHILO MANAGEMENT CORPORATION, a foreign corporation, and SHILO INN, HAZEL DELL, L.L.C., a foreign limited liability company,<br><br>    Defendants. | No. C06-5175 RBL<br><br>ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND COSTS |

## I. INTRODUCTION

This matter is before the Court on Plaintiff's motion for attorneys' fees, costs, and litigation expenses. For the reasons set forth below, the Court awards Plaintiff fees and costs in a reduced amount.

## II. BACKGROUND

This dispute arose over the condition of two motels located in Vancouver, Washington. The motels are operated by the above-named defendants (collectively "Shilo" or "Defendants"). Plaintiff Michelle Beardshear ("Plaintiff") is a paraplegic and disability rights activist who claims the hotels were not in compliance with various provisions of the American's with Disabilities Act ("ADA"), 42 U.S.C. § 12181 *et seq.* and the Washington Law Against Discrimination ("WLAD"), RCW 49.60.

Plaintiff filed her complaint on April 4, 2006, seeking declaratory and injunctive relief, money damages, and attorneys' fees and costs. Prior to trial, the parties entered into a "Confidential Stipulation for Settlement and General Release" ("Settlement Agreement"), whereby Shilo committed to make some of the modifications requested by Plaintiff and to pay her money damages. However, Defendants reserved

ORDER - 1

the right to challenge Plaintiff's claim for attorneys' fees and costs – the only issue now before the Court.

Plaintiff claims she is entitled to recover all of her attorneys' fees, costs, and litigation expenses, including expert fees, which total $44,285.49. Defendants claim that Plaintiff is not a "prevailing party" as that term is defined by the statutes in question and, as such, they argue that she is entitled to no additional recovery. If costs and fees are awarded, Defendants also challenge the amounts claimed by Plaintiff, which they allege are excessive considering the nature of the litigation.[1]

### III. DISCUSSION

**A.   Beardshear qualifies as a Prevailing Party**

The Court may award a reasonable attorney's fee, including litigation expenses and costs, to a "prevailing party" under the ADA. 42 U.S.C. § 12205; *Barrios v. California Interscholastic Federation*, 277 F.3d 1128, 1134 (9th Cir. 2002). In fact, a plaintiff who prevails under the ADA "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Id*. (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 429 (1983)).

A plaintiff is considered a prevailing party under the ADA when she obtains actual relief on the merits of her claim, meaning that she "materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Barrios*, 277 F.3d at 1134 (quoting *Farrar v. Hobby*, 506 U.S. 103, 111-12 (1992)). The alteration of the legal relationship may be accomplished through a judgment, consent decree, or settlement enforceable against the defendant.[2] *Id*.

---

[1] Defendants also move to strike Plaintiffs' briefs because they exceed the page limitations imposed by Local Rule W.D. Wash. 7(e)(4). The first request is contained in Defendants' responsive brief, which is itself overlength. The Court reminds the parties that motions to file overlength briefs are disfavored and that, when necessary, such motions should be filed at least three days before the underlying document is due. Local Rule W.D. Wash. 7(f). In addition to the page limitations correctly cited by Defendants (but ignored by both parties), the Court directs Plaintiff to conform future pleadings with the Local Rules on formatting, which require that all pleadings include a three-inch margin at the top of the first page, line numbers in the left margin, and certain descriptive information in the bottom margin. See Local Rule W.D. Wash. 10(e) (available online at http://www.wawd.uscourts.gov/Reference Materials/CivilRules.htm).

Whether to strike all or part of an overlength pleading is within the discretion of the Court. *See Swanson v. U.S. Forest Service*, 87 F.3d 339, 345 (9th Cir. 1996); *see also Expedia, Inc. v. Reservationsystem.com, Inc.*, 2007 WL 201069 (W.D.Wash.) (Martinez, D.J.) (striking overlength brief *sua sponte*). While striking all of the pleadings before the Court would certainly vindicate the Local Rules, doing so would also prevent the issue at bar from being decided on the merits. This is an invitation which, while tempting, the Court declines. Defendants' motions to strike are therefore DENIED.

[2] Defendants argue that *Barrios* is distinguishable because the settlement agreement in that case was confirmed by the district court and entered as a judgment. While this did initially occur, the judgment was eventually vacated, and the parties then stipulated to a dismissal with prejudice. *Barrios*, 277 F.3d at 1133.

ORDER - 2

Similarly, a plaintiff who prevails under WLAD is entitled to recover her costs of suit, including reasonable attorneys' fees. RCW 49.60.030(2); *Wheeler v. Catholic Archdiocese of Seattle*, 124 Wn.2d 634, 642-43, 880 P.2d 29 (1994). Washington Courts look to federal authority when construing WLAD's provisions, including the statute's fees and costs provision. *See Blair v. Washington State University*, 108 Wn.2d 558, 572, 740 P.2d 1379 (1987). Thus, a plaintiff "prevails" under WLAD when she succeeds on any significant issue and achieves some benefit sought by the plaintiff in bringing the suit. *Id*. (citing *Hensley*, 461 U.S. at 433).

While the Settlement Agreement itself is not before the Court, Defendants concede that its terms require them to "address some of the issues the Plaintiff raised in her Complaint." [Campbell Declaration, Dkt. #46, p.3] Plaintiff is therefore the "prevailing party" under both ADA and WLAD. See *Barrios*, 277 F.3d at 1134 (ADA); *Blair*, 108 Wn.2d at 572 (WLAD). Thus, the Court must calculate a reasonable fee award. *See Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1119 (9th Cir. 2000).

**B.    The Amount of Attorneys' Fees Requested is Unreasonable**

The Court determines the amount of attorneys' fees to be awarded using a two-step process. *See Ballen v. City of Redmond*, 466 F.3d 736, 746 (9th Cir. 2006); *McGrath v. County of Nevada*, 67 F.3d 248, 252 (9th Cir. 1995). The first step is to calculate the "lodestar figure" by taking the number of hours reasonably expended on the litigation and multiplying it by a reasonable hourly rate. *Ballen*, 466 F.3d at 746; *McGrath*, 67 F.3d at 252; *Chuong Van Pham v. City of Seattle, Seattle City Light*, 159 Wn.2d 527, 538, 151 P.3d 976 (2007). The court should then decide whether to adjust the lodestar figure up or down based on any *Kerr* factors which have not already been subsumed in the lodestar calculation.[3] *Ballen*, 466 F.3d at 746; *McGrath*, 67 F.3d at 252.

Plaintiff's fee application is summarized as follows:[4]

---

[3] The twelve *Kerr* factors are:  (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the 'undesirability' of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases. *Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 69-70 (9th Cir. 1975), *cert. denied*, 425 U.S. 951 (1976). These considerations are consistent with Washington Rule of Professional Conduct 1.5.

[4] Ms. Chaney's fees were billed to Schwartz Zweben, LLP and are included as "costs" in that firm's fee application. This is of no consequence, because the Court finds both her requested hourly rate ($150) and billed number of hours (less than 1.2) reasonable.

ORDER - 3

| Attorney/Staff Member | Requested Rate | Requested Hours | Requested Fee |
|---|---|---|---|
| Schwartz | $280 per hour | 1.6 | $448.00 |
| Zweben | $280 per hour | 0.9 | $252.00 |
| Nitz | $265 per hour | 108 | $28,620.00 |
| McGrady | $95 per hour | 1.9 | $180.50 |
| TOTAL | | 112.4 | $29,500.50[5] |

**1.    Reasonable Hourly Rate**

In determining hourly rates, the Court must look to the "prevailing market rates in the relevant community." *Bell v. Clackamas County*, 341 F.3d 858, 868 (9th Cir. 2003). The rates of comparable attorneys in the forum district are usually used. *See Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir. 1992). In making its calculation, the Court should also consider the experience, skill, and reputation of the attorney requesting fees. *Schwarz v. Sec'y of Health & Human Servs.*, 73 F.3d 895, 906 (9th Cir. 1995).

Defendants do not allege that Plaintiff's attorneys lack skill or experience; on the contrary, they seem to complain that Plaintiff's counsel has *too much* experience bringing ADA claims. [Saade Declaration, Dkt. #45, ¶5 & Ex. B] With regard to the prevailing market rates in the relevant community, the parties have submitted judicial opinions and orders from other cases setting rates between $160 and $500 per hour. The Court takes particular note of the order authored by The Honorable Roger A. Bennett, Clark County Superior Court, No. 06-2-02812-4. [Saade Declaration, Dkt. #45, Ex. J] Judge Bennett noted that "[h]ighly experienced, highly skilled and immensely competent attorneys" were available in Clark County for "$225 per hour, or less." [*Id.*]

The Court therefore sets reasonable hourly rates of $225 per hour for partners Gregory Schwartz and Gene Zweben and $175 per hour for associate Stephan Nitz. The Court finds the requested hourly rate of $150 for Seattle-based local counsel Catherine Chaney more than reasonable. However, because the tasks completed by Ms. McGrady appear to be administrative in nature, and because no evidence is supplied describing her qualifications, the Court will award $50 per hour for her time.[6]

---

[5] The actual amount requested in Plaintiff's fee application is $29,747.50, a difference which can be accounted for by correcting the clerical error in the April 4, 2006, billing entry (effective rate of $1,500 per hour).

[6] For example, many of Ms. McGrady's billings consists of time spent receiving this Court's orders for extensions of deadlines, and then placing those new deadlines on the firm's calendar.

ORDER - 4

### 2. Reasonable Number of Hours

In determining the reasonable number of hours, the Court may exclude those hours that are excessive, redundant, or otherwise unnecessary. *Hensley*, 461 U.S. at 434; *Welch v. Metropolitan Life Ins. Co.*, 480 F.3d 942, 946 (9th Cir. 2007). Review of the Plaintiff's fee application reveals that a significant amount of time was spent unnecessarily or was used inefficiently. Examples of such unnecessary billing include, but are not limited to: multiple calls discussing counsel's upcoming trip to Washington for a site visit, excessive time spent reviewing the Court's scheduling orders, stipulations for continuances, and proposed settlement agreements, and time spent traveling from Florida to Washington and attending the hotel site visits. In addition, many of the billing entries are not descriptive enough to allow the Court to assess their propriety: "draft correspondence to expert and client," "draft correspondence to opposing counsel," and "exchange emails with client and expert," to name a few.

After reviewing the entire record, the Court finds that approximately thirty-five percent of the billings submitted by Mr. Nitz are either unnecessary or insufficiently documented, and the Court reduces his proffered number of hours by that amount. *See Hensley*, 461 U.S. at 437 (fee applicant bears the burden of documenting the appropriate hours expended). The Courts therefore awards attorneys' fees as follows:

| Attorney/Staff Member | Reasonable Rate | Reasonable Hours | Awarded Fee |
|---|---|---|---|
| Schwartz | $225 per hour | 1.6 | $360.00 |
| Zweben | $225 per hour | 0.9 | $202.50 |
| Nitz | $175 per hour | 70.2 | $12,285.00 |
| McGrady | $50 per hour | 1.9 | $95.00 |
| TOTAL | | 74.6 | $12,942.50 |

### 3. Upward or Downward Adjustment

The Court must now decide whether to enhance or reduce this lodestar figure based on its evaluation of those *Kerr* factors not subsumed in the lodestar calculation. *See Ballen*, 466 F.3d at 746; *McGrath*, 67 F.3d at 252.[7] The Court's lodestar takes many of the relevant factors into account, and after

---

[7] Washington law also allows the court to consider adjusting the lodestar award to take two additional factors into account: the contingent nature of success and the quality of work performed. *Chuong Van Pham*, 159 Wn2d at 541. However, under Washington law, "[t]he party requesting a deviation from the lodestar bears the burden of justifying it." *Id.* Neither party has made such a showing here.

ORDER - 5

reviewing those remaining factors not subsumed by the lodestar, the Court concludes that no departure from the lodestar outlined above is warranted or necessary. The Court therefore AWARDS Plaintiff her reasonable attorneys' fees in the amount of $12,942.50.

**C.     The Amount of Expert Fees Requested is Unreasonable**

The Court may also award reasonable litigation expenses and costs to a prevailing party under the ADA. *See* 42 U.S.C. § 12205; *Lovell v. Chandler*, 303 F.3d 1039, 1058 (9th Cir. 2002). A plaintiff who prevails under WLAD is also entitled to "liberal recovery of costs," including reasonable expenses incurred. *See Blair*, 108 Wn.2d at 573. This award may include items such as expert witness fees and travel expenses. *Lovell*, 303 F.3d at 1058. Implicit is the limitation that the Court may only award those costs and litigation expenses which are *reasonably* incurred.

The Defendants argue that it was not necessary for the Plaintiff to retain an Alabama based ADA expert and to then have that individual travel to Washington *twice* to inspect the same two hotels. The Court agrees. Accordingly, the Court will not award Plaintiff the $1,250.00 in expert fees billed for travel to and from Vancouver, Washington. The Court therefore AWARDS Plaintiff reasonable costs and litigation expenses of $2,337.99 and reasonable expert fees of $10,950.00.

## IV. CONCLUSION

As the prevailing party, Plaintiff is entitled to an award of *reasonable* fees and costs. Therefore, IT IS HEREBY ORDERED that Plaintiff's motion for attorneys' fees, costs, and litigation expenses [Dkt. #41] is GRANTED in part. The Court awards Plaintiff reasonable attorneys' fees of $12,942.50, reasonable expert fees of $10,950.00, and reasonable litigation expenses of $2,337.99.

DATED this 1st day of April, 2008.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE